CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DURWIN EVANT BONDS, JR., | ) |
|     Plaintiff, | )    Case No. 7:23-cv-00579 |
| | ) |
| v. | ) |
| | )    By: Michael F. Urbanski |
| JEFFERY ARTRIP, et al., | )    Senior United States District Judge |
|     Defendants. | ) |

## ORDER

Plaintiff Durwin Evant Bonds, Jr., a state inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 against Jeffery Artrip and other correctional officials at Wallens Ridge State Prison (Wallens Ridge), where Bonds was previously incarcerated. The case is presently before the court on Bonds's second motion to amend, ECF No. 28, and his motion for sanctions, ECF No. 29. For the following reasons, both motions are **DENIED**.

    **I.**    **Second Motion to Amend**

In his second motion to amend, Bonds seeks to add the current Director of the Virginia Department of Corrections (VDOC), Chadwick Dotson, as a defendant. ECF No. 29 at 2. He then requests that the court take "judicial notice" of incidents that allegedly occurred after he was transferred to Sussex I State Prison (Sussex I). Id. For instance, Bonds alleges that he is being denied proper medical treatment for a hernia and that he has been deprived of due process in connection with disciplinary charges that he received at Sussex I. Id. Bonds also alleges that he was placed in general population at Sussex I, despite requesting to be housed in protective custody for safety reasons. Id. at 3.

A plaintiff may amend the complaint "once as a matter of course" before the defendants file a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that time, a plaintiff may only amend the complaint with the consent of the defendants or with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend a complaint if the amendment would be futile. Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss." Id. (internal quotation marks and citations omitted).

In deciding whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20[]." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). Rule 20 provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts have interpreted this rule to permit claims against different defendants to be joined in the same action "when there is a 'logical relationship' between them." Courthouse News Serv. v. Schaefer, 2 F.4th 318, 325 (4th Cir. 2021) (citing In re EMC Corp., 677 F.3d 1351, 1357–58 (Fed. Cir. 2012)). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." In re EMC Corp., 677 at 1358. The rule "does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." Sykes v. Bayer Pharms. Corp.,

2

548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotation marks and alterations omitted). Moreover, in making a joinder decision, the court must consider the underlying purpose of joinder, "which is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Id. (internal quotation marks omitted).

Here, Bonds seeks to add Chadwick Dotson as a defendant based on the fact that Dotson now serves as the Director of the VDOC. It is well settled, however, that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior" or vicarious liability. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Jones v. Horne, 634 F.3d 588, 600 (D.C. Cir. 2011) (noting that "section 1983 liability cannot rest on a respondeat superior theory, whether the person is sued in his official capacity or in his individual capacity") (citations omitted). Because Bonds does not allege that Dotson played any role in the events giving rise to this action, amending the complaint to add Dotson as a defendant would be futile.

Additionally, to the extent that Bonds seeks to add claims arising from his confinement at Sussex I, he has not shown that the new claims are logically related to the existing claims against correctional officials at Wallens Ridge. Although Bonds alleges that he was initially diagnosed with a hernia while he was still confined at Wallens Ridge, the operative complaint includes no claims related to that condition. Moreover, allowing Bonds to add claims arising from conditions of confinement or events at a different prison in another district would not

3

"promote trial convenience" or "expedite the final determination" of the disputes giving rise to this action.[1] Aleman, 485 F.3d at 218 n.5 (internal quotation marks omitted). Accordingly, Bonds's second motion to amend will be denied.

### II.     Motion for Sanctions

In his motion for sanctions, Bonds requests that the court order Dotson, as the Director of the VDOC, to "cease and halt" all unlawful actions or sanctions being implemented against Bonds at Sussex I. ECF No. 29 at 3. He also requests that the court order Dotson to provide him with adequate medical treatment, including "surgery for his hernia" and "all of his pain medication." Id.

Based on the relief requested, the court construes the motion for sanctions as a motion for preliminary injunctive relief. A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). A party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (internal quotation marks omitted). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or

---

[1] The court notes that Sussex I State Prison is located in Sussex County, which lies within the jurisdiction of the United States District Court for the Eastern District of Virginia.

4

harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16.

Applying these principles, the court concludes that Bonds's motion must be denied. The motion does not seek to prevent harm caused by the conduct alleged in the operative complaint. Instead, the motion seeks relief based on new allegations of mistreatment at a different prison. While the court does not condone the conduct described in the motion, the new allegations cannot provide the basis for a preliminary injunction in this action.[2]

### III.  Conclusion

For the reasons set forth herein, it is hereby **ORDERED** that Bonds's second motion to amend, ECF No. 28, and his motion for sanctions, ECF No. 29, are **DENIED**.

The Clerk is directed to send a copy of this order to Bonds.

It is so **ORDERED**.

Entered: January 28, 2025

Mike Urbanski
Senior U.S.District Judge
2025.01.28 13:55:04
-05'00'

Michael F. Urbanski
Senior United States District Judge

---

[2] If Bonds believes that his federal constitutional rights have been violated at Sussex I, he may file a separate complaint under § 1983 in the United States District Court for the Eastern District of Virginia after exhausting his administrative remedies.

5